David M. Walsh, Esq. (Bar ID No. 030441997)
Habeeb Sheikh, Esq. (Bar ID No. 378842021)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200
*Attorneys for Defendant Homebridge Financial Services, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CARLY GAFFEY,<br><br>              Plaintiff,<br><br>v.<br><br>HOMEBRIDGE FINANCIAL SERVICES, INC., a New Jersey Corporation, JOHN DOE'S (1-10), and ABC COMPANIES (1-10),<br><br>              Defendants. | :   Civil Action No.<br>:<br>:<br>:<br>:<br>:<br>:   **NOTICE AND PETITION FOR**<br>:   **REMOVAL OF CASE FROM THE**<br>:   **SUPERIOR COURT OF NEW JERSEY,**<br>:   **LAW DIVISION, MIDDLESEX COUNTY**<br>:<br>:<br>: |

To:   William T. Walsh, Clerk of Court
      United States District Court for the District of New Jersey
      Clarkson S. Fisher Building & U.S. Courthouse
      402 East State Street
      Trenton, New Jersey 08608

      John J Clark IV, Esq.
      SCHUMANN HANLON MARGULIES, LLC
      30 Montgomery Street, Suite 990
      Jersey City, New Jersey 07302
      Attorneys for Plaintiff

Defendant, HomeBridge Financial Services, Inc. ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully submits this Notice and Petition for Removal of a Case from the Superior Court of New Jersey, Law Division, Middlesex County, bearing Docket No. MID-L-006248-22, and as grounds for removal alleges as follows:

1.      On or about December 16, 2022, Plaintiff Carly Gaffey ("Plaintiff"), filed a civil action captioned <u>Carly Gaffey v. HomeBridge Financial Services, Inc., a New Jersey Corporation, John Doe's (1-10), and ABC Companies (1-10)</u>, Docket No. MID-L-006248-22, in the Superior Court of New Jersey, Law Division, Middlesex County. The Summons and Complaint alleged five counts: (1) violation of the New Jersey Family Leave Act; (2) violation of the New Jersey Law Against Discrimination; (3) breach of contract; (4) wrongful discharge; and (5) enforcement of rights and recovery of benefits under ERISA plan. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A.**

2.      Plaintiff effected service upon Defendant on December 16, 2018, which is within thirty (30) days of the filing of this notice and petition for removal. The Summons and Complaint were the initial pleadings received by Defendant setting forth the claims upon which Plaintiff's action is based. A true and correct copy of the Affidavits of Service are attached hereto as **Exhibit B.**

3.      This notice and petition is timely filed within the provisions of 28 U.S.C. § 1446(b), as Defendant has effected removal within thirty (30) days of receipt by it of a paper from which it could first be ascertained that this action is removable. <u>See</u> 28 U.S.C. § 1446(b).

4.      No proceedings have taken place in the state court action. Defendant has not served an answer or responsive pleading to Plaintiff's Complaint or made any appearance or argument before the Superior Court of New Jersey.

5.      This action involves a claim that arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), a law of the United States. (<u>See</u> Exhibit A, Count V).

6. Plaintiff's Complaint asserts a single count, consisting of a claim for recovery of benefits under Defendant's employee benefits policy (the "Plan").

7. Notwithstanding Plaintiff's characterization of that claim, that claim arises under ERISA because the Plan is subject to ERISA. ERISA applies to any "employee benefit plan" that "is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003. An "employee benefit plan" is defined, in relevant part, as a "welfare benefit plan." 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, medical, surgical, or hospital care or benefits, or benefits in the event of sickness," as was the Plan at issue here. 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted).

8. ERISA preempts "any and all State Laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Moreover, the "carefully integrated civil enforcement provisions" of § 502 of ERISA are "intended to be exclusive." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987) (internal quotations omitted). Accordingly, the United States Supreme Court has instructed that **all** state law claims that seek to collect benefits under the terms of an ERISA plan **must** be recharacterized as claims for benefits under § 502(a) of ERISA, and that such claims give rise to removal jurisdiction. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58 (1987) (preemptive force of ERISA operates to convert ordinary state law claims into federal claims); Wood v. Prudential Ins. Co. of Am., 207 F.3d 674, 676-79 (3d Cir. 2000) (complete preemption does not depend on type of relief requested in the complaint), cert. denied, 531 U.S. 927 (2000).

9.     In sum, this Court has original jurisdiction over Plaintiff's claim because it relates to an employee benefit plan covered by ERISA. Accordingly, the Litigation is removable to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

10.     Venue is proper in this Court pursuant to 28 U.S.C. §1441(a).

11.     Defendant files this Notice of Removal without waiving any defense to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted. Defendant further files this Notice of Removal without conceding that all defendants are properly named in the Complaint.

12.     Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of the removal of this action to all adverse parties and has filed a copy of this notice with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County.

WHEREFORE, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Middlesex County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200

By: /s/ David M. Walsh
     David M. Walsh
     Habeeb Sheikh
Dated: January 13, 2023          ATTORNEYS FOR DEFENDANT

4894-8757-6393, v. 1ws

4

# EXHIBIT A

John J Clark IV, Esq. (NJID 126042017)
SCHUMANN HANLON MARGULIES, LLC
30 Montgomery Street, Suite 990
Jersey City, New Jersey 07302
T:  (201) 451-1400 x 235
F:  (201) 432-3103
E:  jclark@shdlaw.com

| | |
|---|---|
| CARLY GAFFEY,<br><br>                              Plaintiff,<br><br>-against-<br><br>HOMEBRIDGE FINANCIAL SERVICES; INC., a New Jersey Corporation, JOHN DOE'S (1-10), and ABC COMPANIES (1-10),<br><br>                              Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>DOCKET NO. MID-L-006248-22<br><br><br><br>*Civil Action*<br><br><br><br>**SUMMONS** |

**From the State of New Jersey,**
**To the Defendant(s) Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts. gov/forms/ 10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.

A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle M. Smith*

Michelle M. Smith,
Clerk of the Superior Court

**Name of Defendant to be Served:**    Homebridge Financial Services, Inc.

**Address of Defendant to be Served:**   194 Wood Avenue South, Ninth Floor, Iselin, NJ 08830

John J. Clark IV, Esq. (NJID 126042017)
SCHUMANN HANLON MARGULIES, LLC
30 Montgomery Street, Suite 990
Jersey City, New Jersey 07302
Tel:     (201) 451-1400
Fax:     (201) 333-1110
*Co-Counsel for the Plaintiff*

Kevin E. Glory, Esq. (NJID 04992002)
KEVIN E. GLORY & ASSOCIATES, LLC
123 Van Buren Street
Newark, New Jersey 07105
Tel:     (973) 344-0038
Fax:     (973) 344-0098
*Co-Counsel for the Plaintiff*

| | |
|---|---|
| CARLY GAFFEY,<br><br>                            Plaintiff,<br><br>-against-<br><br>HOMEBRIDGE FINANCIAL SERVICES; INC., a New Jersey Corporation, JOHN DOE'S (1-10), and ABC COMPANIES (1-10),<br><br>                            Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>DOCKET NO. MID-L-_____<br><br><br><br>*Civil Action*<br><br><br><br>__COMPLAINT WITH JURY DEMAND__ |

The Plaintiff CARLY GAFFEY, having an address at 21 Cornerstone Drive, Hackettstown, NJ 07840, by way of Complaint against the Defendants, HOMEBRIDGE FINANCIAL SERVICES; INC., a New Jersey Corporation, JOHN DOE'S (1-10), and ABC COMPANIES (1-10), now say:

## STATEMENT OF THE CASE

1) Plaintiff, CARLY GAFFEY, who gave birth to her youngest child on May 31, 2022, was terminated by her employer, HOMEBRIDGE FINANCIAL SERVICES, INC., for contacting human resources to schedule her maternity leave. Instead of responding to Plaintiff's request for information regarding corporate maternity leave procedures, HomeBridge involuntarily terminated the Plaintiff, in violation of the New Jersey Law

Against Discrimination and New Jersey Family Leave Act, leaving her jobless nearly three months before her delivery date. Plaintiff accordingly brings this action to redress the damage caused her by the wrongful and discriminatory actions of her former employer, HomeBridge Financial Services, Inc.

## THE PARTIES AND VENUE

2) Plaintiff, CARLY GAFFEY, is an unemployed mother of a newborn who was employed by HOMEBRIDGE FINANCIAL SERVICES, INC. until she contacted human resources for information about maternity leave.

3) Defendant, HOMEBRIDGE FINANCIAL SERVICES, INC. (hereinafter referred to as "HomeBridge"), is a New Jersey Corporation in the business of brokering consumer mortgage loan transactions, having its corporate headquarters and registered office located at 194 Wood Avenue South, Ninth Floor, Iselin, NJ 08830.

4) HomeBridge employed CARLY GAFFEY as a Licensed Loan Partner from August 17, 2020 through March 11, 2022, exactly one week after she contacted human resources to make arrangements for maternity leave.

5) Defendants John Doe's (1-10) are fictitious persons, presently unidentified, who work for HomeBridge, and who personally engaged in or aided and abetted the discriminatory practices described in this Complaint.

6) Defendants ABC COMPANIES (1-10) are fictitious entities, presently unknown or unidentified, who are affiliates, parents, or subsidiaries of HomeBridge, and who

participated in or are otherwise liable in connection with the discriminatory practices described in this Complaint, or who administer any involved employee benefit plans.

7) As HomeBridge has its registered office in Iselin, New Jersey, venue is properly laid in Middlesex County pursuant to Rule 4:3-2.

## STATEMENT OF FACTS RELEVANT TO ALL COUNTS

### I.    Terms of Plaintiff's Employment

8) On or about August 5, 2020, HomeBridge transmitted to Plaintiff a formal offer of full-time employment as a Licensed Loan Partner, with a start date of August 17, 2020.

9) In addition to any tasks assigned by her superiors, Plaintiff's job duties generally included, by way of example and without limitation, the following:

   a. Assisting loan officers, particularly in the pre-qualifications process for potential borrowers, and in the processing of loans in the pipeline;

   b. Obtaining required documentation from borrowers,

   c. Facilitating communication with underwriting; and

   d. Providing marketing support.

10) Plaintiff was not classified as exempt for payroll purposes, and was eligible for overtime.

11) Plaintiff was additionally expected to work forty (40) hours per week, and was prohibited from engaging in any outside employment without first obtaining written approval from HomeBridge.

12) HomeBridge further provided Plaintiff with a full range of benefits, including medical, dental, vision, FSA, life, short-and-long-term disability insurance plans.

13) Plaintiff was offered compensation at a rate of $24.04 per hour, together with an incentivizing commission range of $150.00 to $6,000.00 per loan closed by the Plaintiff or with her assistance, as well as additional fees earned for client referrals.

14) Plaintiff's annual pay in calendar year 2021, including commission bonuses, was approximately $75,000.00.

## II.    Plaintiff's Performance

15) Plaintiff dutifully served HomeBridge as a Licensed Loan Partner for almost nineteen months.

16) Plaintiff dealt with a high volume of loan applications and mortgage files during her employment, averaging twenty-five (25) to thirty (30) open files at any given time.

17) Plaintiff's supervisors commented favorably on Plaintiff's performance.

18) One supervisor referred to Plaintiff as "a huge part of [his] success," and noted that because of Plaintiff's efforts he "never had to worry that a file would fall through the cracks and not get the attention it deserved."

19) HomeBridge's regional manager referred to Plaintiff as "a true asset" who "will work tirelessly to be sure she is doing her job at 110%."

## III.    Plaintiff's Pregnancy

20) In or around September of 2021, Plaintiff learned that she was pregnant.

21) The baby was due in late May of 2022.

22) In November of the 2021 calendar year, Plaintiff notified her supervisors of the pregnancy.

23) Plaintiff's supervisors responded with warm-wishes and congratulations.

24) Notwithstanding her need to attend regular appointments and procedures relative to the pregnancy, Plaintiff continued to perform her employment duties at a high-level.

25) Towards the end of February, 2022, Plaintiff contacted HomeBridge's human resources division to begin the process for taking maternity leave, which she expected to begin sometime in May of 2022.

26) On March 4, 2022, the human resources division invited Plaintiff to a Microsoft Teams meeting to discuss the process and advise her regarding internal paperwork which would need to be completed by Plaintiff and her OB/GYN and returned to HomeBridge to proceed.

27) However, Plaintiff never received any further communication from human resources, and never had an opportunity to submit her application for maternity leave.

28) Instead, exactly one week after her meeting with human resources, HomeBridge advised Plaintiff that she was being laid off due to a change in "market trends."

29) The HomeBridge human resources division further advised Plaintiff that, as a result of her layoff, she would not be eligible to receive temporary disability insurance benefits available through her employee benefits package, and would instead need to apply for Temporary Disability During Unemployment Benefits through the State of New Jersey.

## IV.    HomeBridge's Motivations

30) As it turns out, HomeBridge did not engage in mass layoffs during March of 2022.

31) None of Plaintiff's colleagues were laid off by HomeBridge at the time Plaintiff was notified of her "layoff".

32) Nor was HomeBridge facing reduced a revenue stream or any significant change in market conditions.

33) Plaintiff averaged between twenty-five (25) to thirty (30) open loan files at any given time during her employment with HomeBridge: as of March 11, 2022, Plaintiff had twenty-seven (27) open files in her pipeline.

34) Indeed, HomeBridge had grown to the status of an industry-leader, and one of the largest privately-held, non-bank lenders in the United States, with more than 2,500 employees, more than 180 retail branches.

35) HomeBridge originated well over $20 Billion in loans in each of the 2020 and 2021 calendar years, and the total value of loan applications received by HomeBridge was up more than 50% compared to 2018 figures.

36) Furthermore, within days of ending Plaintiff's employment, HomeBridge had posted a new job opening on its careers website, seeking a "Loan Officer Assistant".

37) Although the title of the position was different from that which HomeBridge gave Plaintiff, the job description was identical to that included in the offering package HomeBridge provided Plaintiff in August of 2020.

38) In short, HomeBridge was establishing a pretext for Plaintiff's termination, and setting the stage to avail itself of the layoff provisions set forth at 29 C.F.R. § 825.216 (with

respect to reinstatement rights under the Family Medical Leave Act) and N.J.S.A. § 34:11B-7 (with respect to reinstatement rights under the New Jersey Family Leave Act).

## V.    Plaintiff's Damages

39) HomeBridge unlawfully terminated Plaintiff, contrary to unambiguous provisions set forth in the New Jersey Law Against Discrimination and the New Jersey Family Leave Act, as well as the well-established public policies rooted in each of those legislative enactments.

40) As a result of HomeBridge's unlawful action, Plaintiff has suffered a multitude of injuries, including psychological pain and emotional distress.

41) Plaintiff has additionally suffered economic injuries.

42) By way of example, stated without limitation or prejudice, Plaintiff has lost income, both in terms of base wages and commissions properly due and payable to her; she has been deprived of benefits, in particular the temporary disability insurance policy that was provided to her during her employment with HomeBridge; and Plaintiff is, as a result of her termination from employment, eligible only for Temporary Disability During Unemployment Benefits from the State of New Jersey, which provide a maximum benefit calculated at 60% of her mean weekly income as opposed to the 85% mean income maximum benefit available through standard Temporary Disability Benefits provided by the State of New Jersey.

43) Plaintiff was further denied benefits from the temporary disability policy that HomeBridge secured for her as part of Plaintiff's employee benefits package.

44) The commission structure offered by HomeBridge expressed that in the event Plaintiff separated from employment, for any reason whatsoever, Plaintiff would remain entitled to receive commissions and/or bonuses on any loans that closed up through and including her final day of employment.  However, Plaintiff would not receive commissions or bonuses for any loan that she worked on, regardless of the extent of her participation in the loan process, if it closed even one day after she was terminated.

## AS AND FOR A FIRST CAUSE OF ACTION

### Violation of the New Jersey Family Leave Act

45) Plaintiff recites and incorporates each foregoing paragraph of this Complaint as though set forth in full and at length herein.

46) HomeBridge is an "Employer" within the State of New Jersey, as that term is defined by N.J.S.A. § 34:11B-3(f) of the New Jersey Family Leave Act, N.J.S.A. § 34:11B-1, et seq. (hereinafter referred to as the "FLA").

47) Plaintiff was an "Employee" of HomeBridge within the State of New Jersey, as that term is defined by N.J.S.A. § 34:11B-3(e).

48) Plaintiff provided HomeBridge with sufficient notice of her need for a temporary leave of absence from employment, in connection with her pregnancy and the anticipated birth of a child, and did so more than thirty days prior to the date on which her leave would commence, consistent with the notice requirement set forth under N.J.S.A. § 34:11B-4 and N.J.A.C. § 13:14-1.4(b)(2)(i).

49) Plaintiff is not among the highest paid 5% of HomeBridge's employees, nor one of HomeBridge's seven highest paid employees.

50) Plaintiff had not previously taken leave under the FLA during her employment with HomeBridge.

51) Plaintiff is therefore entitled to twelve (12) consecutive weeks of leave pursuant to the FLA and the implementing regulations promulgated by the Director of the Division of Civil Rights. N.J.A.C. §13:14-1.5(a)(1).

52) Plaintiff is further entitled to restoration of her employment with HomeBridge, in "the position held by the employee when the leave commenced or to an equivalent position of like seniority, status, employment benefits, pay, and other terms and conditions of employment" upon the conclusion of her leave. N.J.S.A. § 34:11B-7.

53) Plaintiff is further entitled to the continuation of employee benefits, including health care coverage "at the level and under the conditions coverage would have been provided if the employee had continued in employment continuously" for the duration of her leave. N.J.S.A. § 34:11B-8,-14.

54) By terminating Plaintiff, HomeBridge unlawfully retaliated against an employee "who sought information about family leave provisions," contrary to N.J.A.C. § 13:14-15.

55) By terminating Plaintiff, HomeBridge unlawfully interfered with, restrained, or otherwise denied Plaintiff's attempt to exercise rights conferred to her under the FLA, as prohibited by N.J.S.A. § 34:11B-9.

56) Upon information and belief, HomeBridge's violation of the FLA was intentional.

57) As a direct and proximate result of HomeBridge's unlawful action, Plaintiff has suffered damage.

58) Plaintiff is entitled to compensatory damages for her pain and suffering; compensatory damages for her lost wages and commissions; compensatory damages for the value of non-wage benefits to which she was entitled but denied by and through Defendant's wrongful conduct; punitive damages; statutory penalties, interest; attorney's fees and costs of suit.

## AS AND FOR A SECOND CAUSE OF ACTION

### Violation of the New Jersey Law Against Discrimination

59) Plaintiff recites and incorporates each foregoing paragraph of this Complaint as though set forth in full and at length herein.

60) Plaintiff is a member of a protected class of persons. In particular, she is biologically female and perceived as female.

61) At all times relevant herein, Plaintiff was further limited by a disability, namely her pregnancy.

62) The New Jersey Legislature has declared that those subjected to discrimination "suffer personal hardships," and that discrimination causes "a grievous harm" to the State itself. N.J.S.A. § 10:5-3. Such personal hardships "include economic loss; time loss; physical and emotional stress; and in some cases severe emotional trauma, illness, homelessness or other irreparable harm resulting from the strain of employment controversies; relocation, search and moving difficulties; anxiety caused by lack of information,

uncertainty, and resultant planning difficulty; career, education, family and social disruption; and adjustment problems…" Ibid.

63) The Legislature prohibited such discriminatory practices by enacting the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et seq. (hereinafter referred to as the "LAD").

64) The LAD protects individuals from discrimination based upon "sex, gender identity or expression, affectional or sexual orientation, marital status [and] familial status…" N.J.S.A. § 10:5-3.

65) The LAD specifically outlaws discrimination in the context of the employment relationship, and declares that the opportunity to obtain employment is a civil right enjoyed by all persons within the State. N.J.S.A. § 10:5-4.

66) The Legislature has further declared that "pregnant women are vulnerable to discrimination in the workplace," and has admonished as discriminatory the employer practices, "as indicated in reports that women who request an accommodation that will allow them to maintain a healthy pregnancy, or who need a reasonable accommodation while recovering from childbirth, are being removed from their positions, placed on unpaid leave, or fired." N.J.S.A. § 10:5-3.1(a).

67) In order to combat such discrimination and the damage it causes, the New Jersey Legislature revised the LAD in order to require "employers to provide reasonable accommodations to pregnant women and those who suffer medical conditions related to pregnancy and childbirth, such as bathroom breaks, breaks for increased water intake, periodic rest, assistance with manual labor, job restructuring or modified work schedules, and temporary transfers to less strenuous or hazardous work."

68) The LAD further declares that it an "unlawful employment practice, or , as the case may be, an unlawful discrimination" to take adverse action, including termination, against an employee because of "pregnancy or breastfeeding..." N.J.S.A. § 10:5-12(a).

69) -More specifically, an employer may not "treat, for employment-related purposes, a woman employee that the employer knows or should know, is affected by pregnancy or breastfeeding in a manner less favorable than the treatment of other persons not affected by pregnancy or breastfeeding but similar in their ability or inability to work. N.J.S.A. § 10:5-12(s).

70) Nor may an employer provide leave to an employee affected by pregnancy or breastfeeding "in a manner less favorable than accommodations or leave provided to other employees not affected by pregnancy or breastfeeding but similar in their ability or inability to work." Ibid.

71) In this instance, HomeBridge engaged in an unlawful act of discrimination by refusing to permit Plaintiff to exercise her rights to take maternity leave, and to receive benefits from temporary disability insurance policy provided as part of her employee benefits package.

72) Furthermore, HomeBridge denied Plaintiff the leave options she was statutorily entitled to take under the New Jersey Family Leave Act.

73) HomeBridge had actual knowledge of Plaintiff's need for, and entitlement to, reasonable accommodations (including but not limited to a temporary leave of absence in connection to her eventual delivery) prior to terminating Plaintiff's employment.

74) Rather than accommodate Plaintiff's reasonable needs for accommodation as her pregnancy progressed, and the accommodations she would require upon returning from leave, HomeBridge terminated the Plaintiff's employment.

75) The New Jersey Legislature has made clear that HomeBridge had a duty to accommodate Plaintiff's pregnancy, and that HomeBridge's decision to instead terminate Plaintiff's employment is a an unlawful employment practice and act of discrimination that violates the LAD.

76) As a result of HomeBridge's unlawful actions, Plaintiff has suffered damage.

77) Accordingly, Plaintiff is entitled to reinstatement of her employment status, with backpay; compensatory damages for her pain and suffering; compensatory damages for the value of non-wage benefits to which she was entitled but denied by and through Defendant's wrongful conduct; punitive or exemplary damages; statutory penalties, interest; attorney's fees and costs of suit.

## AS AND FOR A THIRD CAUSE OF ACTION

### Breach of Contract

78) Plaintiff recites and incorporates each foregoing paragraph of this Complaint as though set forth in full and at length herein.

79) Plaintiff was presented with, and did enter into, a written contract governing the terms and conditions of her employment with HomeBridge.

80) Among the terms and conditions specified in Plaintiff's employment contract was that Plaintiff would receive, as additional consideration for her employment, non-salary benefits in the form of a temporary disability insurance policy.

81) HomeBridge further published an Employee Handbook, which set forth its official policies concerning temporary leaves of absence from employment (for reasons that include, but are not limited to, maternity and parental leave).

82) HomeBridge breached the express terms of the contract by failing to permit Plaintiff to collect benefits under her temporary disability insurance policy when cause to do so arose.

83) HomeBridge further breached contract terms, implied into the employment relationship by virtue of the HomeBridge Employee Handbook, which entitled Plaintiff to leave relating to her pregnancy.

84) In light of the foregoing provisions, HomeBridge further breached the contract by electing to terminate Plaintiff when she requested information about the maternity leave to which she was contractually entitled.

85) As a direct and proximate result of HomeBridge's breach of contract, Plaintiff has been damaged.

86) Upon information and belief, HomeBridge willfully and intentionally breached its contract with Plaintiff, who is therefore entitled to punitive or exemplary damages.

## AS AND FOR A FOURTH CAUSE OF ACTION

### Wrongful Discharge

87) Plaintiff recites and incorporates each foregoing paragraph of this Complaint as though set forth in full and at length herein.

88) HomeBridge discharged Plaintiff contrary too a clear mandate of public policy.

89) Specifically, that adverse employment action is contrary to the public policies expressed by our State Legislature through the enactment of the LAD and FLA, namely to prevent discrimination against women and expectant mothers, and to protect their civil right to have an opportunity to obtain gainful employment.

90) Our Legislature further clarified these policies through the 2014 New Jersey Pregnant Workers Fairness Act and the 2018 Act Concerning Breastfeeding, amendments to the LAD which, respectively, prohibited discrimination in employment based upon the conditions of pregnancy and lactation.

91) As a direct result of the above-described wrongful discharge, Plaintiff has been damaged.

## AS AND FOR A FIFTH CAUSE OF ACTION

### Enforcement of Rights and Recovery of Benefits under ERISA Plan

92) Plaintiff recites and incorporates each foregoing paragraph of this Complaint as though set forth in full and at length herein.

93) Plaintiff is the beneficiary of an insurance policy providing benefits for temporary disability, such as that caused by pregnancy and childbirth.

94) HomeBridge has denied Plaintiff access to benefits available under said policy.

95) Therefore, to the extent that any portion of Plaintiff's claims may be preempted by the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), Plaintiff brings a cause of action under 29 U.S.C. §§ 1131 and 1132, so as to ensure a complete and orderly adjudication of all claims in a single action.

96) Plaintiff has a right, as set forth *supra*, to reinstatement of employment with HomeBridge, as well as a colorable claim to vested benefits under the policy, as HomeBridge terminated Plaintiff based upon her anticipated period of disability.

97) Plaintiff is entitled to a *de novo* review of her eligibility for benefits under the above-specified temporary disability insurance policy provided by HomeBridge.

98) Plaintiff further demands attorneys fees and costs pursuant to 29 U.S.C. §§ 1132(g).

**WHEREFORE,** Plaintiff CARLY GAFFEY now requests and demands that the court enter Judgment against the Defendants, HOMEBRIDGE FINANCIAL SERVICES; INC., a New Jersey Corporation, JOHN DOE'S (1-10), and ABC COMPANIES (1-10), for reinstatement; back-pay; equitable front-pay; compensatory, consequential, and incidental damages; punitive or exemplary damages, together with statutory damages and/or penalties; interest; attorney's fees; and costs, as well as such further and other relief as the court deems equitable.

KEVIN E. GLORY & ASSOCIATES, LLC
*Co-Counsel for the Plaintiff*

SCHUMANN HANLON MARGULIES, LLC
*Co-Counsel for the Plaintiff*

/s/ Kevin E. Glory
Kevin E. Glory, Esq.

/s/ John J Clark IV
John J. Clark IV, Esq.

## JURY DEMAND AND DESIGNATION OF TRIAL COUNSEL

Plaintiff herby demands trial by jury as to all counts so triable, and designates John J Clark IV, Esq., as trial counsel.

**KEVIN E. GLORY & ASSOCIATES, LLC**
*Co-Counsel for the Plaintiff*

**SCHUMANN HANLON MARGULIES, LLC**
*Co-Counsel for the Plaintiff*

*/s/ Kevin E. Glory*
Kevin E. Glory, Esq.

*/s/ John J Clark IV*
John J. Clark IV, Esq.

## CERTIFICATIONS

Pursuant to Rule 4:5-1, the Undersigned hereby certifies that the within matter in controversy is not subject of any other action pending in any Court or of a pending arbitration proceeding.

The Undersigned further certify that the confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

**KEVIN E. GLORY & ASSOCIATES, LLC**
*Co-Counsel for the Plaintiff*

**SCHUMANN HANLON MARGULIES, LLC**
*Co-Counsel for the Plaintiff*

*/s/ Kevin E. Glory*
Kevin E. Glory, Esq.

*/s/ John J Clark IV*
John J. Clark IV, Esq.

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-006248-22

Case Caption: GAFFEY CARLY  VS HOMEBRIDGE FINANCIAL  SERVICES
Case Initiation Date: 12/16/2022
Attorney Name: JOHN J CLARK IV
Firm Name: SCHUMANN HANLON MARGULIES, LLC
Address: 30 MONTGOMERY ST STE 990
JERSEY CITY NJ 07302
Phone: 2014511400
Name of Party: PLAINTIFF : Gaffey, Carly
Name of Defendant's Primary Insurance Company
(if known): Unknown

Case Type: LAW AGAINST DISCRIMINATION (LAD) CASES
Document Type: Complaint with Jury Demand
Jury Demand: YES - 6 JURORS
Is this a professional malpractice case?  NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO
Does this case involve claims related to COVID-19? NO

Are sexual abuse claims alleged by: Carly Gaffey? NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO
      If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
      If yes, for what language:


Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/16/2022
Dated

/s/ JOHN J CLARK IV
Signed

# EXHIBIT B

MID-L-006248-22   12/19/2022 12:18:37 PM   Pg 1 of 1   Trans ID: LCV20224263447

DocuSign Envelope ID: 2E8B4744-C8EB-48AE-BDAB-6FEB466BE768

CARLY GAFFEY

|||||||||||||||||||||||||||||||||||||||||||||||

20221216122758

Superior Court Of New Jersey

**Plaintiff**

VS

MIDDLESEX Venue

HOMEBRIDGE FINANCIAL SERVICES, INC., A NEW JERSEY CORPORATION, ET AL

**Defendant**

Docket Number: MID L 6248 22

**Person to be served** (Name and Address):
HOMEBRIDGE FINANCIAL SERVICES, INC.
194 WOOD AVENUE SOUTH  NINTH FLOOR
ISELIN  NJ  08830
**By serving:** HOMEBRIDGE FINANCIAL SERVICES, INC.

**Attorney:** JOHN J. CLARK. IV., ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, CERTIFICATIONS

**Service Data:**     [X] Served Successfully          [ ] Not Served

Date/Time:     12/16/2022 2:18 PM          _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

## AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____._____

Name of Person Served and relationship/title:

DAWN BOYSEN

LEGAL DEPT.

**Description of Person Accepting Service:**

SEX:F___ AGE:51-65_ HEIGHT: 5'4"-5'8"____ WEIGHT: 131-160 LBS.____ SKIN:WHITE_____ HAIR:BROWN___ OTHER:GLASSES_____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:              Date/Time: _____
                                 Date/Time: _____
                                 Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

_____day of _____, 20 _____

Notary Signature:_____

_____     _____
   Name of Notary              Commission Expiration

**Docusign Court Approved E-Signature**

I, MARIAN ZWIERZYNSKI,
was at the time of service a competent adult, over the age of 18 and not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.
*MARIAN ZWIERZYNSKI*
0961A4480625471
Signature of Process Server

12/16/2022
Date

Name of Private Server: MARIAN ZWIERZYNSKI Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952