UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CARLY GAFFEY,

    Plaintiff,

v.

HOMEBRIDGE FINANCIAL SERVICES, INC., JOHN DOE'S (1-10), and ABC COMPANIES (1-10),

    Defendants.

Civil Action No. 23-0173 (RK) (JBD)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon Homebridge Financial Services, Inc.'s ("Defendant") Motion for Summary Judgment. (ECF No. 26.) Carley Gaffey ("Plaintiff") filed an opposition to the Motion, (ECF No. 29), and Defendant filed a reply, (ECF No. 32). The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1; and

    Plaintiff filed a five-count Complaint against Defendant on December 16, 2022, in the Superior Court of New Jersey, Law Division, Middlesex County alleging several state law claims (Counts 1 to 4) and one federal law claim alleging a failure to enforce rights and recovery benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") (Count 5).[1] (*See* Compl., Ex. A to ECF No. 1.); and

---

[1] Plaintiff's five-count Complaint includes: a retaliation claim under the New Jersey Family Law Against Discrimination (Count 1); a pregnancy discrimination claim under the New Jersey Law Against Discrimination (Count 2); a breach of contract claim (Count 3); a wrongful discharge claim (Count 4); and a failure to enforce rights and recovery benefits under ERISA claim (Count 5). (*See* Ex. A to ECF No. 1.)

Defendant timely removed this action to federal court on January 13, 2023. (*See* ECF No. 1.) The sole basis for this Court's jurisdiction asserted in Defendant's Notice of Removal is federal question jurisdiction premised on the alleged ERISA violation contained in Count 5. (*See id.* ¶¶ 5–9.)[2]; and

In her opposition brief, Plaintiff concedes summary judgment is appropriate with respect to Counts 3 and 5. (ECF No. 29 at 21 ("Plaintiffs do not oppose the Defendant's application with respect to Count Three (Breach of Contract) and Count Five (ERISA).").) As such, the Court grants summary judgment as to Count 5. *See Binder Mach. Co. v. Square D Co.*, No. 09-6379, 2012 WL 1435480, at *2 (D.N.J. Apr. 25, 2012) (granting defendant summary judgment on a claim that plaintiff concedes is not cognizable). In light of Plaintiff's identical concession as to her breach of contract claim, the Court will also grant summary judgment as to Count 3. (*Id.*)[3]; and

Having dismissed Plaintiff's sole federal claim (*i.e.* Count 5), this Court no longer has subject matter jurisdiction as to Plaintiff's remaining state law claims (*i.e.* Counts 1, 2 and 4), and this Court declines to exercise supplemental jurisdiction over these claims. *See Robert W. Mauthe, M.D., P.C. v. Optum Inc.,* 925 F.3d 129, 135 (3d Cir. 2019) (affirming district court's refusal to exercise supplemental jurisdiction over state law claims after district court granted summary judgment on the federal claim); and

---

[2] Defendant's Notice of Removal states that this Court "has original jurisdiction over Plaintiff's claim because it relates to an employee benefit plan covered by ERISA. Accordingly, the Litigation is removable to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446." (ECF No. 1 ¶ 9.)

[3] The Court notes that Plaintiff has arguably conceded that her wrongful discharge claim (Count 4) should be dismissed as well. Defendant argues that her wrongful discharge claim is preempted by her statutory claims in Counts 1 and 2, (ECF No. 26-1 at 14), and Plaintiff's opposition states that her wrongful discharge claim is "largely coextensive and pleaded in the alternative" to Counts 1 and 2, (ECF No. 29 at 17). Whether this statement in fact operates as a concession on the merits of Count 4 is a decision best left to the Superior Court Judge on remand, and this Court therefore will not grant summary judgment on that count.

Absent extraordinary circumstances, "it is inappropriate for a district court to proceed with supplemental state law claims where the underlying federal claim has been dismissed prior to trial." *See Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). The Court concludes that no such extraordinary circumstances exist in the instant matter, and thus, this Court remands Plaintiff's surviving state law claims to the Superior Court of New Jersey. *See Borough of w. Mifflin v. Lancaster,* 45 F.3d 780, 788 (3d Cir. 1995) ("While § 1367(c) does not specify what disposition the district court is to make of state claims it decides not to hear, . . . we believe that in a case that has been removed from a state court, a remand to that court is a viable alternative to a dismissal without prejudice.").

**IT IS** on this 8th day of November, 2024,

**ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 26) is **GRANTED** as to **Counts 3** and **5;** and it is further

**ORDERED** that the Court **REMANDS** Plaintiff's Complaint as to **Counts 1, 2,** and **4** to the Superior Court of New Jersey, Law Division, Middlesex County; and it is further

**ORDERED** that the Clerk of Court **TERMINATE** the Motion pending at ECF No. 26 and **CLOSE** this case.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**